IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY OLIVER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LYNN ABRAHAM, et al. | : | No. 07-1199 |

## MEMORANDUM AND ORDER

Presently before the court is Petitioner's pro se motion for release without bail. For the reasons set forth herein, the motion will be denied.

On April 26, 2007, Petitioner filed a pro se petition for a writ of habeas corpus. On June 6, 2007, Petitioner filed the instant motion for release pending appeal.

The authority of a federal court to grant release or bail to a state prisoner prior to ruling on the prisoner's petition for habeas corpus is well established. Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992), cert. denied, 506 U.S. 955 (1992) (citing In re Shuttlesworth, 369 U.S. 35 (1962) (per curiam)). However, the standard for granting bail in a habeas corpus proceeding is strict. In order for a district court to release a state prisoner pending review of his habeas petition, the court must find "extraordinary circumstances." Id. (citing Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986)). The Third Circuit has noted that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." Id.

Petitioner has not alleged any extraordinary circumstances that would allow the court to order his release from state custody prior to disposition of his habeas petition.

See, e.g., Johnston v. Marsh, 227 F.2d 528, 531 (3d Cir. 1955) (a petitioner rapidly progressing toward total blindness released on bail to a hospital for immediate treatment); Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) (petitioner granted bail in order to allow him to exhaust his state court remedies because his sentence of 120 days would have expired if his habeas petition were eventually granted).  Consequently, Petitioner has not carried his burden of demonstrating the existence of extraordinary circumstances, and the motion must be denied.

      An appropriate order follows.