IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY OLIVER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LYNN ABRAHAM, et al. | : | No. 07-1199 |

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                                November      , 2007

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §

2254 by Anthony Oliver ("Petitioner"), an individual currently incarcerated in the

Rockview State Correctional Institution. For the reasons that follow, I recommend that

the petition be denied.

**FACTS AND PROCEDURAL HISTORY:**

The relevant facts, set forth by the Pennsylvania Superior Court are as follows:

> On December 7, 2001, at 7:40 a.m., Professor Richard Knight, a member of the Drexel University faculty in the Department of Materials and Engineering, was checking the research laboratory areas in the Alumni Engineering Building to ensure that the doors were secure and that no unauthorized people were in the building. While checking through the building, Professor Knight encountered [Petitioner] and asked him for his Drexel student photo ID. In response [Petitioner] spoke of being in Dr. Gogot's class and mumbled something about his ID being "up front." After being accompanied to Room 276-A by Professor Knight, [Petitioner] ran from the room. Professor Knight pursued [Petitioner], tackled him, and called for help. As Bill Owens, a workman doing electrical installation down the hall, restrained [Petitioner], Professor Knight returned to Room 276-A to call security. Professor Knight then heard a noise and saw [Petitioner] running from the building, with Mr. Owens in pursuit.
>
> Mr. Owens testified that he chased [Petitioner] into 30th Street Station,

> where he contacted the Amtrak police. Mr. Owens and the Amtrak police discovered [Petitioner] in a restroom and took him into custody. The Philadelphia police then arrived and searched [Petitioner's] bag after [Petitioner] made a statement to them that the bag contained anthrax. The officers found computer printouts, pornography, and paperwork concerning Osama Bin-Laden and Al-Queda in the bag. After [Petitioner] was taken to Southwest Detectives Division, he was informed of the charges against him and was given his Miranda warnings; he waived his rights and gave a statement to the police regarding the events.
>
> Additionally, Alfred Stuart, an undergraduate student, testified that he had seen [Petitioner] in the computer labs on other occasions, but he did not recognize him to be a student in Dr. Gogot's class. Professor Knight testified that Drexel University is a private institution where only faculty, staff, students of the Drexel community, and people conducting business with Drexel are permitted or authorized to enter the Drexel buildings.

Commonwealth v. Oliver, 864 A.2d 582 (Pa. Super. 2004) (table); No. 3123 EDA 2002, at 1-3 (Pa. Super. Oct. 21, 2004), attached to Resp't Answer as Ex. "D."

On August 9, 2002, following a bench trial before the Honorable Albert John Snite, Jr., Court of Common Pleas of Philadelphia County, Petitioner was convicted of three (3) counts each of burglary and unlawful use of a computer and one (1) count of criminal trespass. Judge Snite sentenced Petitioner to an aggregate term of forty-two (42) to seventy-four (74) months of imprisonment.

Petitioner filed a direct appeal and the Pennsylvania Superior Court affirmed the judgment of sentence on October 21, 2004. Commonwealth v. Oliver, 864 A.2d 582 (Pa. Super. 2004). Petitioner did not seek review in the Pennsylvania Supreme Court.[1]

---

[1] Petitioner failed to submit the instant claims to the Pennsylvania Supreme Court on appeal. However, I do not find, nor do Respondents argue, that his failure to do so renders his

On June 14, 2005, Petitioner filed a pro se petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541, et. seq. On July 10, 2006, the PCRA court dismissed Petitioner's petition. Petitioner appealed to the Superior Court asserting that trial counsel was ineffective for failing to challenge Petitioner's competence to stand trial. On August 30, 2007,[2] the Superior Court affirmed the denial of PCRA relief. Commonwealth v. Oliver, No. 2247 EDA 2006 (Pa. Super. August 30, 2007), attached to Resp't Answer as Ex. "F." Petitioner did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

---

claim unexhausted. On May 6, 2000, the Pennsylvania Supreme Court issued Order No. 218 which states that a petition for allocatur is not necessary for exhaustion prior to commencing habeas proceeding. See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 6, 2000) ("in all appeals from criminal convictions . . . a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error"); see, e.g., Blasi v. Attorney General of Com. of Pennsylvania, 120 F.Supp.2d 451, 466 (M.D. Pa. 2000) ("the order of the Supreme Court of Pennsylvania waives the exhaustion doctrine insofar as the doctrine requires a petitioner under § 2254 to present claims to the Supreme Court of Pennsylvania in a petition for allocatur prior to presenting them in federal court"); cf. Mattis v. Vaughn, 128 F.Supp.2d 249 (E.D. Pa. 2001) (respecting Supreme Court Order No. 218 as a matter of comity, but concluding that it should not be applied retroactively). Consequently, I conclude that Petitioner's failure to appeal to the Pennsylvania Supreme Court does not preclude this court from reviewing the Superior Court's disposition of his claim.

[2]Petitioner filed the instant petition on March 16, 2007, before the Superior Court ruled on his appeal of denial of PCRA relief, on August 30, 2007. Petitioner did not include the claim of ineffectiveness of trial counsel that was before the Superior Court in the instant petition. This court notified Petitioner in writing that a ruling on the instant petition as filed would preclude our review of his additional claim of ineffectiveness of trial counsel. Petitioner responded that he wished to proceed with the instant petition as filed.

On March 16, 2007,[3] Petitioner filed the instant petition for a federal writ of habeas corpus asserting:

1. the evidence was insufficient to support to support his conviction for criminal trespass and burglary;

2. the indictment for burglary was jurisdictionally defective;

3. the burglary conviction violated his protection against double jeopardy; and

4. the evidence was insufficient to support his conviction for unauthorized use of a computer and the court's view of the statute rendered it unconstitutional.

Respondent has filed an answer asserting that Petitioner is not entitled to federal habeas relief because his claims are either procedurally defaulted or without merit.

**DISCUSSION:**

**I.    Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") which became effective on April 24, 1996, amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000). The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts. Id. at 196 (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)). Pursuant to 28 U.S.C. § 2254(d), as amended

---

[3] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Petitioner signed his habeas petition on March 16, 2007; therefore, I will assume that he presented his petition to prison authorities on that date.

by the AEDPA, a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).

The Supreme Court expounded upon this language in Williams v. Taylor, 529 U.S. 362 (2000). In Williams, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Hameen v. State of Delaware, 212 F.3d 226, 235 (3d Cir. 2000) (citing Williams, 529 U.S. at 389-390). The Court in Williams further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The "unreasonable application" inquiry requires the habeas court to "ask whether the state

court's application of clearly established federal law was objectively unreasonable." Id. (citing Williams, 529 U.S. at 388-389). "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." Werts, 228 F.3d at 196 (citing Williams, 529 U.S. at 389); accord Matteo v. Superintendent, SCI Albion, 171 F.3d 877 (3d Cir. 1999).

II.    **Petitioner's Claims**

   A.    **Sufficiency of the Evidence (Claim One and Part of Claim Four)**

Petitioner, in claim one and part of claim four, alleges that the evidence presented was insufficient to sustain a conviction for burglary, criminal trespass, and unauthorized use of a computer. It has long been established that due process requires that a person can only be convicted of the crime with which he is charged by proof of every element of the criminal offense beyond a reasonable doubt.[4] Jackson v. Virginia, 443 U.S. 307, 316 (1979); In re Winship, 397 U.S. 358, 364 (1970); Davis v. United States, 160 U.S. 469, 488 (1895). In reviewing challenges to the sufficiency of the evidence, a court must determine "whether, after reviewing the evidence in the light most favorable to the

---

[4] When reviewing a sufficiency of the evidence claim on habeas corpus review, federal courts look to the evidence the state considers adequate to meet the elements of a crime governed by state law. Jackson v. Byrd, 105 F.3d 145, 149 (3d Cir. 1997).

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Cuyler, 723 F.2d 1077, 1083-84 (3d Cir. 1983) (quoting Jackson, 443 U.S. at 319) (emphasis in original).

Under Pennsylvania law, a person is guilty of burglary if he enters a building with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.  See 18 Pa.C.S. § 3502.  Criminal trespass requires a showing that a person knowing that he is not licensed or privileged to do so (i) enters, gains entry by subterfuge, or surreptitiously remains in any building or occupied structure, or (ii) breaks into any building or occupied structure.  See 18 Pa.C.S. § 3502.  Unauthorized use of a computer requires a showing that Petitioner intentionally and without authorization accesses any computer, computer system, computer network, computer software, computer program, or computer data base.  See 18 Pa.C.S. § 7611 (a)(2).

As the state court determined, the evidence presented at trial was sufficient to prove the elements of each crime and to support Petitioner's convictions.  In support of this conclusion as to the crime of burglary, the state court noted:

> The burglary convictions for the three counts were well supported at trial. The Commonwealth introduced evidence to show that on the dates charged, [Petitioner], knowing he was not privileged to do so, entered the Drexel University buildings, which were not open to the public, with the intent to use the Drexel computers illegally.
>
> Regarding the December 7, 2001, incident, Professor Knight testified that he found [Petitioner] in a computer lab which was normally only used by

> faculty and students of the Materials Engineering Department for experiments and research. Further, Commonwealth witness Alfred Stuart testified that [Petitioner] was not a member of Dr. Gogot's research group, the group that primarily used that particular lab. Furthermore, [Petitioner], not a Drexel University student, admitted that he knew he was not permitted to enter the building without a security code or student ID.
>
> Regarding the November 28, 2001, and December 3, 2001, incidents, the Commonwealth introduced evidence of time-stamped computer printouts found in [Petitioner's] bag. Also, [Petitioner] admitted to being in the lab on December 3, 2001. Viewing all this evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the fact-finder to conclude [Petitioner] committed the charged burglaries.

Commonwealth v. Oliver, 864 A.2d 582 (Pa. Super. 2004) (table); No. 3123 EDA 2002, at 7-8 (Pa. Super. Oct. 21, 2004) (citations omitted), attached to Resp't Answer as Ex. "D."

In support of the state court's conclusion that the evidence introduced at trial was sufficient to support a conviction for the crime of criminal trespass, the state court noted:

> [Petitioner] was not a student at Drexel, and he knew he was not authorized to enter the Drexel buildings. Alfred Stuart testified to seeing [Petitioner] in the building on other occasions. Professor Knight discovered [Petitioner] in the Drexel computer lab on December 7, 2001. In addition, [Petitioner] admitted to entering and sleeping in the Drexel University buildings on numerous occasions, including the night of the charged incident. Viewing this evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the fact finder to conclude [Petitioner] committed the charged criminal trespass.

Id. at 9-10 (citations omitted).

In support of the state court's conclusion that the evidence introduced at trial was sufficient to support a conviction for the crime of unlawful use of a computer, the state court noted:

8

> [Petitioner] stated that he used the Drexel University computers without authorization to check e-mail and to download and print information. [Petitioner] admitted he used Drexel University paper, and that he used the Drexel computers illegally. Viewing this evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the fact finder to conclude [Petitioner] committed the charged counts of unlawful use of a computer.

Id. at 9 (citations omitted).

As a result, I conclude that the state court properly set forth the elements of the law and applied relevant trial evidence thereto in finding the evidence sufficient to establish that Petitioner was guilty of the crimes of burglary, criminal trespass, and unauthorized use of a computer. Because the state courts' findings on these issues is not contrary to United States Supreme Court precedent nor an unreasonable determination of the facts, 28 U.S.C. § 2254(d), Petitioner's claims should be denied.

> **B.    The Burglary Indictment was Jurisdictionally Defective and Petitioner's Burglary Conviction Violated the Prohibition Against Double Jeopardy; State Courts Interpretation of Statute Governing Unauthorized Use of Computer was Unconstitutional (Claims Two and Three and Part of Claim Four)**

Petitioner next asserts that the burglary indictment was jurisdictionally defective and that his conviction for burglary was in violation of the prohibition against double jeopardy. Petitioner also asserts that the state court's interpretation of the state law governing the unauthorized use of a computer was unconstitutional. Petitioner raised these claims for the first time in the instant petition, never presenting them to the state court for review. A federal court, absent unusual circumstances, should not entertain a

9

petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); see also Picard v. Connor, 404 U.S. 270 (1971).  The exhaustion requirement is rooted in considerations of comity and is designed to protect the role of the state court in the enforcement of federal law and to prevent disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518 (1982); Castille v. Peoples, 489 U.S. 346, 349 (1989).  In order for a claim to be exhausted "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts."  Evans v. Court of Common Pleas, Delaware County, Pennsylvania, 959 F2.d 1227, 1231 (3d Cir. 1992).  The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

      Petitioner has not presented these claims to the state courts on appeal.  Because the claims presented are not considered exhausted for the purposes of habeas review, this court is barred from further review of these claims unless his failure to exhaust his state remedies is excused.

The federal courts may excuse the exhaustion requirement if it would be futile for the petitioner to seek relief in the state court system.  Duckworth v. Serrano, 454 U.S. 1 (1981); Landano v. Rafferty, 897 F.2d 661 (3d Cir. 1990), cert. denied, 498 U.S. 811 (1990); 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).  The only way in which Petitioner could present these claims in the state court at this time is by filing another PCRA petition.  See Lines, 208 F.3d 153, 164, n.17; see also Fidtler v. Gillis, 1999 WL 596940, at *3 (E.D. Pa. Aug. 9, 1999) (citing 42 Pa. Con. Stat. Ann. § 9542 (1998)) (the PCRA is the sole means of obtaining collateral relief from convictions, encompassing and replacing all other forms of relief, including habeas corpus).  However, any such petition would be time-barred by the PCRA's statute of limitations.  Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final.  42 Pa. Con. Stat. Ann. § 9545(b)(1); see also, e.g., Lines, 208 F.3d at 164, n.17 (noting that the Pennsylvania Supreme Court has held that the time restrictions for seeking relief under the PCRA are jurisdictional) (citing Commonwealth v. Banks, 726 A.2d 374 (Pa. 1999)).  For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking the review.  42 Pa. Con. Stat. Ann. § 9545(b)(3).  As previously noted, Petitioner did not seek review in the Supreme Court of Pennsylvania, therefore, his conviction became final on November 21, 2004, thirty (30) days from the

date the Pennsylvania Superior Court affirmed the judgment of sentence. Because Petitioner's conviction became final over three (3) years ago, the PCRA statute of limitations would preclude Petitioner from presenting the instant claims in a PCRA petition.[5] 42 Pa. Cons. Stat. Ann. § 9545(b)(1); see generally Campbell v. Meyers, 1999 WL 793509, at *3 (E.D. Pa. Oct 6, 1999) (finding that the Pennsylvania state courts "consistently and regularly" apply the PCRA statute of limitations in all cases). As a result, exhaustion would be futile and is excused.

Although I recommend that exhaustion be excused, Petitioner is considered to have procedurally defaulted his claims because state procedural rules bar him from seeking further relief in state courts. Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001). A federal court may not consider the merits of such claims unless the petitioner establishes "cause and prejudice" to excuse his default. Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Here, Petitioner has not even attempted to provide this Court with an explanation for his failure to present these claims to the state court. As a result, he has not shown cause to excuse his procedural default.[6] Despite the fact that Petitioner has failed to demonstrate cause and prejudice for the default, a federal

---

[5]Although there are three (3) exceptions to the PCRA's statute of limitations, 42 Pa. Con. Stat. Ann. § 9545(b)(1)(i), (ii), and (iii), Petitioner fails to allege any of the limited circumstances upon which an exception would be granted.

[6]Because no cause has been demonstrated, the court need not address the prejudice requirement. Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982) (because petitioner lacked cause for default, the court need not consider whether he also suffered actual prejudice).

court may also consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 748.  In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Carrier, 477 U.S. at 496); see Glass v. Vaughn, 65 F.3d 13, 16-17 (3d Cir. 1995), cert. denied, 516 U.S. 1151 (1996) (assuming that the Schlup miscarriage of justice/actual innocence standard applied to noncapital petitioner arguing eligibility for lesser degree of guilt).  To satisfy the "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327; see also Glass, 65 F.3d at 16.  As Petitioner has made no colorable showing of innocence, he has failed to demonstrate that a miscarriage of justice will result if these claims are not reviewed. Coleman, 501 U.S. at 748; Schlup, 513 U.S. at 326-327.  Accordingly, I recommend that these claims be dismissed as procedurally defaulted.

Therefore, I make the following:

### **R E C O M M E N D A T I O N**

AND NOW, this      day of November, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.  Petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                      s/Peter B. Scuderi
                                   PETER B. SCUDERI
                                   UNITED STATES MAGISTRATE JUDGE